ORIGINAL

JOHN HARRIS PAER    #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAWIKA CANTERBURY and POLLY CANTERBURY, ) ) ) Plaintiffs, ) ) vs. ) ) CENTRAL PORTFOLIO CONTROL, INC.) ) Defendant. ) ) | CIVIL NO. CV07 00619 SOM KSC COMPLAINT; EXHIBIT "A"; SUMMONS |

COMPLAINT

COMES NOW Plaintiff, by and through his undersigned attorney and alleges as follows:

INTRODUCTION

1.  This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. Section 1692, et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendant's violations of that Act.  Plaintiff seeks actual and statutory damages arising out of Defendant's misrepresentations and failure to make required disclosures in the collection of an alleged debt.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1692k(d) and 28 U.S.C.A. Section 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapters 443B and 480 of the Hawaii Revised Statutes.

## PARTIES

3. Plaintiffs are natural persons and are residents of the State of Hawaii. Plaintiff Polly Canterbury (hereinafter "Polly") is the mother of Plaintiff Kawika Canterbury (hereinafter "Kawika").

4. Defendant is a corporation doing business in the State of Hawaii as a collection agency and debt collector, and is subject to the jurisdiction of this Court.

## FACTS

5. Within the year prior to the filing of this action, Defendant has been attempting on behalf of a third party to collect an alleged debt from Plaintiffs.

6. On or about November 29, 2007, Defendant sent its first letter to Plaintiff. A true copy of that letter is attached hereto as Exhibit "A".

7. Plaintiff hereby disputes the alleged debt and requests verification of the alleged debt.

8. The underlying debt was incurred primarily for

personal, family, or household purposes.

9. On December 8, 2007, an employee of Defendant, who identified himself as Bill, called Kawika and said that Kawika needed to pay the bill. Kawika asked if he could make payments, but bill said that he needed to pay in full.

10. Kawika said he was waiting for a disability decision and could pay it then, but Bill said it needed to be paid immediately or legal action would be taken against him.

11. On December 10, 2007, Bill from Central Portfolio called and spoke to Polly. He said he had spoken to Kawika and wanted her and her husband to help Kawika take care of the bill. She said she would talk to her husband about the bill. Bill said to call him, but if he was not in to call and ask for Scott (800-511-4067). Bill said the payoff was $7336.33, but if they paid off that day, then he would take $6262.00.

12. Polly asked if Kawika could make payments until he finds out about Social Security disability, but Bill said no, he had to pay all of it now or they would take legal action and Bill said they would get a judgment.

13. On December 11, 2007, Bill called Polly again. Polly said she had talked to her husband and that they decided they would not help since it was Kawika's bill. Bill said Kawika had 12 hours to pay the bill or they would take legal action.

14. On December 12, 2007, Bill called Polly again and said he would have Central Portfolio's lawyer call Kawika, and that

they were going to take legal action. Bill wanted Kawika to call Defendant's lawyer, but Polly refused.

15. Later on December 12, 2007, someone called Kawika and identified himself as the lawyer for Defendant, but Kawika had left for work already. He told Polly that since her son works, he can pay, but she said he only makes $7.25 and hour and only works 20 hours per week.

16. On December 13, 2007, someone from Defendant called again, but they hung up when Polly answered. The call was from 952-215-3684.

17. On December 19, 2007, another employee of Defendant called Polly and said that they had to take care of the bill.

18. Polly said that she had spoken to an attorney and would give him her attorney's name and telephone number.

19. Before she could do that, Defendant's employee hung up the phone.

## COUNT I

20. Plaintiffs reallege and incorporate paragraphs 1 through 19 of this Complaint.

21. Defendant has violated the Fair Debt Collection Practices Act in the following ways:

　　(a)　Defendant has used false, deceptive and misleading misrepresentations in connection with the collection of the above claim in violation of 15 U.S.C. §1692e.

(b) Defendant has used unfair means to collect and to attempt to collect the above claim in violation of 15 U.S.C. §1692f.

(c) Defendant has not sent to Plaintiffs the proper notices and/or verifications required by the Act in violation of 15 U.S.C. §1692g.

## COUNT II

22. Plaintiffs reallege and incorporate paragraphs 1 through 21 of this Complaint.

23. Defendant has violated Chapters 443B and 480 of the Hawaii Revised Statutes as alleged above.

24. Defendant's violations of HRS Chapter 443B and of the Fair Debt Collection Practices Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

25. Defendant's contacts, demands and disclosures in connection with the above-described collection were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs as consumers, and were unfair and deceptive, in violation of H.R.S. Chapter 480. The acts and representations of Defendant described herein had the capacity to deceive Plaintiffs, and would deceive a reasonable consumer.

26. Plaintiffs have suffered injury to their property in an amount to be proved at trial, by reason of Defendant's violations.

WHEREFORE, Plaintiffs prays that the Court:

<u>AS TO COUNT I</u>

1. Award Plaintiffs their actual damages as will be proved.

2. Award Plaintiffs statutory damages of $1000.00 each.

<u>AS TO COUNT II</u>

3. Award Plaintiffs damages in the amount of three times the injury to their property, but not less than $1000.00 each.

<u>AS TO ALL COUNTS</u>

4. Award Plaintiffs their reasonable attorneys' fees and costs.

5. Award Plaintiffs other appropriate relief.

DATED: Honolulu, Hawaii, December 21, 2007.

_____
JOHN HARRIS PAER
Attorney for Plaintiffs